IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARLOW L. BATES, SR. | * | |
| | * | |
| v. | * | Civil No. – JFM-10-3158 |
| | * | |
| SAMSUNG ELECTRONICS | * | |
| AMERICA, INC., ET AL. | * | |

**MEMORANDUM**

Plaintiff, an inmate at the State of Maryland's Roxbury Correctional Institution serving a life sentence, has brought this action against defendants seeking $1 billion in damages for alleged copyright infringement. Defendants have filed a motion to dismiss or a more definite statement.[1] Plaintiff has responded to the motion. The motion will be treated as one to dismiss and, as such, will be granted.

The gravamen of plaintiff's claim is that "[b]efore 2004, . . . [he] draw [sic] technical drawings and wrot [sic] a text for a TV. [sic] entitled 3-D-TV." Defendants allegedly have infringed the copyright "by development, marketing, manufacturing, distributing and selling TV'(s)." Plaintiff's allegations are wholly conclusory and do not meet the standards set by the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), that require a plaintiff to make factual allegations demonstrating that he has a plausible claim. For example, plaintiff has alleged no facts to show that any of the

---

[1] Two of the defendants, Panasonic Electric Works Corp. of America and Mitsubishi Electric & Electronics USA, Inc. have also moved for summary judgment on the ground that they are not, and never have been, engaged in the manufacture or distribution of televisions in the United States. In light of the fact that I am granting the motion to dismiss filed by all defendants, I need not reach the issues raised by those defendant's summary judgment motions. I note, however, that the motion they have filed for summary judgment appears to be meritorious.

1

defendants had access to his work or copied the drawing and text.[2]  In light of plaintiff's *pro se* status, however, I am reluctant to grant a motion to dismiss on *Twombly* or *Iqbal* grounds.  There is, in any event a much more fundamental flaw in plaintiff's claim:  the drawing and text submitted by plaintiff are entirely non-technical in nature, and the design and manufacture of three dimensional televisions obviously is a matter of exceptional technical complexity.  Such matters are governed by patent law, not copyright law, as argued by plaintiff.

    A separate order granting defendant's motion to dismiss is being entered herewith.


Date:   July 20, 2011                   /s/
                                           J. Frederick Motz
                                           United States District Judge

---

[2] In his opposition plaintiff speculates that defendants copied the drawing and text by obtaining copies from the Copyright Office where they are on file.  He has not, however, alleged any facts to support that speculation.